28 C.C.P.A.(Patents)

## MARSHALL FIELD & CO. v. R. H. MACY & CO., Inc.

### Patent Appeal No. 4378.

Court of Customs and Patent Appeals.

Dec. 9, 1940.

A. W. Murray, of Chicago, Ill., for appellant.

Thomas L. Mead, Jr., of Washington, D. C. (Browne & Phelps, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents in an opposition proceeding brought under the Trade-Mark Act of 1905, as amended, 15 U.S.C.A. § 81 et seq.

Appellant filed its application in the United States Patent Office for the registration of the trade-mark "Crepeglo" for women's crepe hosiery. Appellee opposed the registration on the ground of its prior use and ownership of the trade-mark "Crepetex" for women's crepe hosiery. Both parties took testimony.

The record shows that appellee's use of the mark "Crepetex" preceded any use by appellant of the notation "crepe" in connection with hosiery, and that the appellee's registration of "Crepetex" long preceded the earliest use by appellant of "Crepeglo."

The Examiner of Interferences in his decision dismissed the notice of opposition and adjudged that appellant was entitled to the registration for which it applied. Upon appeal, the Commissioner of Patents reversed the decision of the Examiner of Interferences and sustained the opposition.

The goods upon which the marks are used by the respective parties, namely hosiery, particularly women's stockings, are substantially identical. The sole question before the tribunals below, and before us here, is whether or not the marks so nearly resemble each other that their use upon identical goods would be likely to cause confusion in trade.

It is true, as was stated by the Examiner of Interferences, that the only resemblance in the marks consists in the notation "crepe" and it is also true that the notation "crepe" is the generic name of a type of silk fabric. It appears from the record that crepe stockings are made of silk, the yarn of which is so twisted as to produce a dull finish and that this finish is characteristic of crepe stockings. Of course, the word "crepe", taken by itself, would not in any manner indicate origin nor possess any distinctiveness except as to the nature of the fabric.

The Examiner of Interferences held that the word "crepe" as appearing in the marks here involved possesses a function similar to that of the notation "Pure" in the marks "Puretest" and "Purex" when affixed to pharmaceutical preparations, as appears in the case of Purex Corp., Ltd. v. United Drug Co., 67 F.2d 918, 21 C.C.P.A., Patents, 753.

Appellant filed, under the provisions of Rule 154 (e) of the Patent Office, other registrations, for the purpose of showing that in the hosiery trade the word "crepe" has been commonly used by many third parties. Objection was made by appellee to the consideration of said registrations, but the Examiner of Interferences overruled the objection and considered the registrations, not for the purpose of attacking the validity of the registered mark, but in order to ascertain the distinctiveness of the word "crepe" to purchasers.

The Examiner of Interferences held that purchasers of the goods of the parties would pay little attention to the first syllable of the involved marks as bearing upon the origin of the goods, and stated that upon seeing the marks they would be attracted by the differences therein and that therefore confusion in trade would not be likely.

The Commissioner of Patents in his opinion held the reasoning employed by the Examiner of Interferences to be logical as far as it goes, but that the marks of the parties should not be dissected but must be compared as a whole, and when so compared if they appear to be confusingly similar there is no justification for disregarding any portion of the mark, even though it be descriptive of the character of the goods, citing Skelly Oil Co. v. Powerine Co., 86 F.2d 752, 24 C.C.P.A., Patents, 790. The commissioner applied the rule as stated in the Skelly case, supra, and held that the marks involved herein bear sufficient resemblance to create at least a reasonable probability that their use on identical merchandise would lead to confusion. The commissioner also held that registrations to third parties of trade-marks containing the word "crepe", or marks incorporating this word, may not be considered in an opposition proceeding, as has been repeatedly held by this court, particularly in the Skelly case, supra, and in Pepsodent Co. v. Comfort Mfg. Co., 83 F. 2d 906, 23 C.C.P.A., Patents, 1224.

It is very clear to us that the words "Crepeglo" and "Crepetex" bear a marked resemblance to each other in sound, appearance and meaning. The first syllable of each is identical and the last syllable certainly suggests a characteristic of the goods.

We do not think it necessary to differentiate between the facts in the instant appeal and those in the cases cited by the Examiner of Interferences and by the appellant in its brief. It suffices to say that under the rulings of this court in the Skelly Oil Co. case and in the Pepsodent Co. case, supra, the decision of the commissioner should be, and the same is hereby, affirmed.

Affirmed.

LENROOT, Associate Judge, took no part in the consideration or decision of this case.